DAVID CHANEY AND WIFE *vs.* WILLIAM TIPTON, *et al.*
*December* 1840.

The right of election and preference, secured to the respective heirs, by the acts to regulate descents, are intrinsically valuable. They become vested by the death of the intestate, and may be passed to a grantee.

A bill filed by one of the heirs, for a sale or partition in a mode which disregards the descent laws, and places all the heirs in the same condition in respect to priority of choice, is inconsistent with this right.

In a bill, for the sale, or partition of the real estate of an intestate, it should be stated, either, that the parties are incapable, or unable, to agree amongst themselves upon a division, and a commission should be asked for in conformity with the descent laws.

Where the bill and proceedings are not in conformity with those laws, the Court of Appeals may, under the act of 1832, ch. 302, remand the record to the equity court for such amendment there, as may be necessary for that purpose.

APPEAL from the equity side of *Allegany* County Court.

On the 7th April 1835, *David Chaney* and *Susanna* his wife, filed their bill of complaint, against *William Tipton* and *Mary* his wife, *Samuel North* and *Elizabeth* his wife, and *Lloyd Stallings*. The complainant *Susanna*, and defendants *Mary*, *Elizabeth*, and *Lloyd*, were alleged to be the heirs at law of *Thomas Stallings*, who died seized of lands, intestate, and that he left a widow, *Nancy Stallings*. The bill alleged that said lands would not admit of partition so as to give a farm to each child entitled, but might be sold and converted into money for the benefit of all. *Prayer* for a sale and distribution of proceeds among those entitled, and for further relief. *Samuel North* and

wife were proceeded against as non-residents, by publication. *Tipton and wife* consented to a sale by their answer.

*Thomas Stallings* also answered the bill, and claimed to have purchased the interest of the complainant in the land of his father, for value, on the 26th October 1830, and stated the nature of his contract, which he insisted he had performed in part, and is ready fully to perform on [receiving a title; that he (respondent,) had purchased the interest of all the rest of the heirs in the estate of said *Thomas Stallings*, deceased, who covenanted with this respondent, to relinquish their interest in said *Thomas Stallings'* personal estate, in consideration of this respondents assuming and paying off the debts of the said intestate, and also, to relinquish all interest to the residue of said intestate's real estate; provided they were allowed to have an equivalent to their proportion, laid off, and set apart to them, out of what was called the *Home Place* of the said intestate; that said equivalent was laid off, and *Tipton and wife* are now in possession thereof; that *North and wife* are paid. With the answer, were exhibited the contracts with complainants and *Tipton and wife*. *Stallings*, the defendant, then filed a further answer stating, *that the lands and premises were susceptible of an advantageous division among those entitled to the same;* that *Tipton and wife* have already had their proportion laid off to them. Prayer that the court will not pass a decree to sell, as required by complainants, &c.

At *October* 1836, a commission to take testimony was issued by agreement of complainant and *Stallings*, the defendant, and witnesses were examined. After the return of the commission, and argument of the cause, while the same was under advisement, the complainants filed the deed of *Tipton and wife* to them of their interest, and the defendant, *Stallings*, filed the deed of *North and wife* to him, of their respective interests in the land of the deceased intestate, which the court by order, on petition, received as evidence in the cause.

At April term 1839, the county court, (JOHN BUCHANAN, C. J., and SHRIVER, A. J.,) dismissed the bill with costs, and the complainant appealed to this court.

Chaney and wife *vs.* Tipton *et al.*—1840.

The cause was argued before STEPHEN, ARCHER, and CHAMBERS, J.

By H. B. PIGMAN and McMAHON for the appellants, and By PRICE for the appellee.

CHAMBERS, J., delivered the opinion of this court.

The proceedings in this case, shew that it is a controversy between the heirs at law of *Thomas Stallings*, who died intestate, in relation to the sale or division of his real estate. The bill is filed by the one of the heirs claiming a sale, upon the ground, that the land is not capable of division; and resisted for the reason, amongst others, that it will admit of division. We think that such cases are particularly provided for by the acts of Assembly, regulating descents, and that the proceedings should have conformed to those acts.

The rights of election and preference secured to certain heirs by the statutes referred to, must be regarded as intrinsically valuable. They become vested by the death of the intestate, and may be passed to a grantee.

This we hold is utterly inconsistent with the right now claimed, for another of the heirs to file a bill for sale or partition, in a mode which disregards the provisions of the descent laws, and places all the heirs in the same condition, in respect to priority of choice.

The whole proceeding, therefore, has been erroneously conducted, from the period when a commission should have issued, and the bill itself is defective, in not stating on its face, either that the parties were incapable from the non-age, or other legal disability of some one, or more of the heirs, to make a division; or being capable in law, were unable to agree amongst themselves upon a division, and also in not asking that a commission should issue.

We think all these defects may be cured by amendment, and further proceedings in the county court, as a court of equity, and that the case is within the provisions of the act of 1832, ch. 302, and we accordingly remand it.

CAUSE REMANDED UNDER ACT OF 1832.