HENRIETTA BENNETT AND OTHERS *vs.* JOHN BENNETT AND
OTHERS.—*December*, 1847.

On the 7th January, the Chancellor made a final decree, which, at the same
term, upon petition filed in February, he annulled, unless good cause be
shown to the contrary, during the four first days of the next term. The
parties who obtained the decree filed their answers showing cause, upon
which, on the 8th November, 1845, the Chancellor dismissed the petition of
February. The petitioners, on the 15th December, 1845, appealed both from
the January and November decrees. *Held,*

That although the January decree bore date more than nine months before the
appeal prayed, yet as while the decree was suspended, no right of appeal
existed—the appeal in this case was in due time.

When a decree is suspended, by order of court, at the same term at which it
was passed, the right to appeal commences after the suspending order is
disposed of.

Proceedings to divide the real estate of an intestate, situated in two counties,
are properly had under the descent act in the Court of Chancery. They
should, however, in all respects, be in conformity to the provisions of the act
of 1820, ch. 191.

The application may be made to the Court of Chancery either by bill or
petition.

When the commissioners, in such a case, did not conform to the act of 1820—
nor the commission require them to pursue the provisions of that act, it is
ground of error.

APPEAL from the Court of Chancery.

On the 22d July, 1841, *John Bennett, Thomas Hodges* and
*Matilda Ann,* his wife, filed their bill against *H. W. Cooley* and
*Edney W.,* his wife, of this State, and *John William, Matilda
Ann,* and *Mary Elizabeth Rickets,* of the State of *Ohio.* The bill
alleged, that *William Bennett* died seized of certain real estate
in *Montgomery* and *Frederick* counties, in this State, leaving
the complainants and defendants his heirs at law, the heirs in
*Ohio* being infants. It alleged that the estate was susceptible
of partition; and that if it could not be divided with advantage
to all the parties, it might be sold, and proceeds distributed.

*Prayer* accordingly for *subpœna,* order of publication against
the non-resident defendants, and for general relief.

Publication was ordered, as prayed, on the 22d July, 1841. The answer of *H. W. Cooley & wife* admitted the facts of the bill, and submitted to a decree.

In July, 1842, proof of the publication of the order of 22d July, 1841, was filed. And at December, 1842, the Chancellor (BLAND) ordered the bill to be taken *pro confesso* against the absent defendants; that there be a partition of the land of which *William Bennett* died seized, amongst the parties to the cause, so that *one-fourth* shall be allotted to the complainants, *John Bennett* and *Matilda Ann*, each—*one-fourth* to the defendant, *Edney W. Cooley*, and *one-fourth* to *J. W., M. A.* and *M. E. R.;* a commission to five persons to make partition, and allot the same according to the decree, &c.

A commission issued on the 23d February, 1843, to five commissioners, and fully authorized and empowered them, or any three of them, to go to, enter upon, walk over, and survey the tracts or parcels of land in the proceedings in this cause mentioned; and to make out, or cause to be made out, a plat of the same, and to divide the same into four equal parts, having regard to quantity and quality—whereof one part is to be allotted to the complainant, *John Bennett;* one part, &c., one part to the defendant's minors, &c.; and to make out, or cause to be made out, a plat of the said lands, with a certificate of, &c., and return the same, &c.

And the five commissioners, on the 15th January, 1844, returned a survey and plat for 1352 acres of land. They allotted *first*, to *John William, Mary Elizabeth*, and *Matilda Ann Ricketts*, as and for their full proportion of said land, Lot No. 1, lying, &c., beginning, &c.

*Secondly*, to *Edney W. Cooley.* Lot No. 2.

*Thirdly*, to *Matilda Ann, &c.*

*Fourthly*, to *John H. Bennett, &c.*

*Fifthly and lastly*, to *Mrs. Henrietta Bennett*, the widow of *William Bennett*, as and for her full proportion of her right of dower in said real estate, the whole of Lot No. 1, first herein described, and assigned in this division of the said real estate to *J. W., M. E.*, and *M. A. Ricketts.*

On the 7th January, 1845, the complainants and *H. Cooley & wife* filed their petition, waiving an error to their prejudice in the survey, and praying the ratification of the report and survey of the commissioners.

On the same day, the Chancellor (BLAND) ratified the report and survey, and decreed accordingly to the infant non-resident heirs the land partitioned to them, subject to the dower of *Henrietta Bennett*, widow aforesaid, and to the said widow, the same lands as and for her dower.

On the 17th Febuary, 1845, the said *Henrietta Bennett* filed her petition, referring to the proceedings aforesaid, alleging that, in fact, the said infant heirs, who are entitled to *one-fourth* part of the deceased's estate, would derive no present interest therein; or that if they should be so entitled, the petitioner will get no dower right therein, under the said decree; the other divisions not being subject to any dower right, a result alike injurious to the petitioner and the said infants; that 155 acres of Lot No. 1 were not the property of the deceased; that he bought the same for one *S. H. Benton,* and never paid for the same, and never intended to pay for it; and that proceedings are now depending in equity to procure a title for the said *S. H. B.* that counsel was employed, on behalf of the petitioner, to represent the state of the title to the Chancellor; but that the same was neglected, and that she knew nothing of such neglect until the decree of confirmation and partition of the court was passed. *Prayer,* that the said decree may be set aside, and cause reheard, with liberty to produce further proof, that the interest of the infant children may be fully protected, &c.

On the 19th February, 1845, the Chancellor (BLAND) ordered that the decree of 7th January, 1845, " be, and the same is hereby set aside and annulled, unless good cause to the contrary be shown during the first four days of the next (March) term."

On the 10th March, 1845, the other parties filed their answer to the petition of the 17th February last, alleging, that *H. B.,* widow, had full knowledge of the proceedings of the com-

59    v.5

missioners appointed to make partition, and should have shown cause before a final decree was passed in the premises; that the report of the commissioners will show that they have divided the said estate into *four equal parts;* having first ascertained the value of the same, taking into consideration the incumbrances thereon; that the lot assigned to the minor heirs was estimated subject to the incumbrance of the dower of the widow, as equal in value to the other lots, to which course, there is no legal or valid objection; that the life interest of the widow did not reduce the minors' lots below the value of the other lots.    That 155 acres mentioned in the petition was purchased by *W. B.* a short time before his death; that he gave his bonds for the same, and paid a considerable part of the purchase money; that no proceedings are pending in equity in relation to said land, &c.

On the 8th November, 1845, the Chancellor dismissed the petition of the 17th February, 1842, with costs: and on the 15th December, 1845, *Henrietta Bennett* and the infant children appealed from the decree of 7th January, and order of 8th November, 1845.

This cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By N. BREWER, OF JOHN, for the appellants, and

By R. J. BOWIE for the appellees.

MAGRUDER, J., delivered the opinion of this court.

To the appeal which was taken in this case it is objected that it was not prayed in time.

The decree certainly bears date more than nine months before the appeal was prayed.    But it appears that before the expiration of the term during which it was passed, the Chancellor passed an order thereby directing that the decree be set aside and annulled, unless cause to the contrary be shown during the first four days of the succeeding term.    Afterwards he dismissed the petition, which induced a suspension of the

decree, and on the same day the appeal was entered. While the decree was suspended by the Chancellor's order, the right of appeal did not exist. The appeal then was taken within nine months, after the right is to be considered as having commenced.

This is an application to divide the estate of an intestate, who died seized of lands situated in *Montgomery* and *Frederick* counties, it being alleged that some of the heirs were infants. As the real estate to be divided is situated in different counties our act of descents authorizes an application to be made to the Court of Chancery. But whether a case of this description be in Chancery or a county court, the proceedings must in all respects be in conformity to the provisions of the act of 1820, ch. 191, and because the proceedings in this case are not in conformity to the provisions of that law, the decree must be reversed.

The application to the Court of Chancery may be made by bill as well as by petition. *Chaney and wife against Tipton and others*, 11 *G. & J.* 255. But the proceedings in the case, are to be regulated by our law of descents. The commission which is to issue, must prescribe the same duties, give to the commissioners the same powers, and require of them the same return. The rights of the heirs must be the same in Chancery, that they are when the application is made to the county court. In this case the commissioners did not conform to the act of 1820, nor indeed did the commission under which they were acting require them to pursue the directions of that act.

DECREE REVERSED WITH COSTS AND CASE REMANDED.

Before a decree, *pro confesso*, is obtained upon an order of publication, citing a non-resident defendant, there should be proof of the fact of such non-residence. (*Rep'r.*)