JOHN ROSER AND WIFE  
      vs.  
ABRAHAM SLADE ET AL.       SEPTEMBER TERM, 1851.

[WILL, CONSTRUCTION OF, ETC.—ACT TO DIRECT DESCENTS.]

A TESTATOR devised lands to his son and his heirs, "provided, nevertheless, that if" his said son "should die without heirs lawfully begotten of his body," then over. HELD—that the son took an estate in fee in the land devised to him, and which, upon his dying intestate and without issue, descended to his surviving brothers and sisters, and the children of such as were deceased, as his heirs-at-law.

A bill for the sale or partition of the real estate of an intestate must conform to the Act regulating descents, in order that the rights of election and preference secured to certain of the heirs may be enjoyed, and a demurrer to a bill for the want of this conformity will be sustained.

Though the demurrer is sustained, yet the bill will not be dismissed, because the defects, in not making the averments required by the statute, may be cured by amendment.

[The bill in this case alleges the death of Abraham Slade, seized of real estate, and leaving a last will and testament, containing the devise quoted in the opinion of the Chancellor. That Josias Slade departed this life without heirs of his body. That Abraham Slade, the testator, had eight children, five of whom were sons, one of whom, John Slade, was the father of the female complainant, and died before the testator, Abraham. The bill then proceeds to give a history of the other sons, some of whom were still living, and some had died, leaving issue, who are named, and charges that the land mentioned in the will was devised to Josias Slade for life; that it does not admit of advantageous partition among those entitled thereto; and that it will be for the advantage and interest of all parties concerned and having interest therein, to sell the same, and divide the proceeds thereof between the parties in the proportions in which they may be entitled. The bill then prays subpœnas against the defendants, who were the surviving brothers, and the children of the deceased brothers of Josias Slade, a decree for the sale of the lands, and the distribution

of the proceeds between the complainants and defendants, and for general relief.

To this bill the defendants demurred, upon the ground that the complainants have not by their bill made such a case as entitles them in a court of equity to relief against the defendants, or to a sale of the real estates mentioned in the bill. And that under the will of Abraham Slade, by which they claim, they are not entitled to any part of said real estate as devisees or heirs-at-law.

Upon the hearing of this demurrer, the Chancellor delivered the following opinion.]

The Chancellor:

This case is brought before the Court, and submitted by agreement of parties upon demurrer to the bill.

The bill is filed by John and Elizabeth Ann Roser, his wife, the latter being one of the children and heirs-at-law of John Slade, deceased, one of the brothers of Josias Slade, also deceased, but whether testate or intestate does not appear. It is alleged in the bill, that Abraham Slade, the father of John and Josias Slade, being seized of real estate in Baltimore County, died some time in the year 1847, leaving a will duly executed, containing the following clause:

" I will and devise unto my son, Josias Slade, one lot of land called," &c., " also $200 in cash, by his paying unto my daughter, Elizabeth Slade, $100 five years after my decease, the aforesaid land and premises to him the said Josias Slade, his heirs, and assigns for ever, provided, nevertheless, that if the said Josias Slade should die without heirs lawfully begotten, then the aforesaid land and premises to be equally divided between his brothers, their heirs and assigns for ever."

From the frame of the bill, it would appear that the complainants suppose they derive their title to the land in question from Abraham Slade, the testator, as it is alleged that Josias Slade, the devisee, under his will, took no more than a life estate, and that the limitation over to his brothers, upon his dying without issue, is good. This, however, is clearly an

erroneous view of the subject, as there can be no doubt, I think, upon the authority of the case *Newton* vs. *Griffith*, 1 *H. & G.*, 111, that Josias Slade, the devisee, took an estate in fee in the land devised to him, and that upon his dying intestate, if he did so die, it descended to his heirs-at-law, who (he dying without issue) are his brothers and sisters, and the children of such brothers and sisters as are dead. *Porter* vs. *Askew*, 11 *G. & J.*, 347.

The bill alleges that the land so devised by Abraham to Josias Slade will not admit of advantageous partition among those entitled thereto, and that it will be for the interest and advantage of all the parties concerned, and having an interest therein, to sell it, that the proceeds may be divided: thus making a case within the provisions of the twelfth section of the Act of 1785, ch. 72, which authorizes the Court to direct a sale of lands and tenements, in which an infant, idiot, or person *non compos mentis* has a joint interest, or interest in common, with any person or persons, upon its appearing that it will be for the interest and advantage of all the parties to make the sale.

But, as has been shown, Josias Slade, the devisee of Abraham, took an estate in fee in the land under his (Abraham's) will, and upon the death of Josias it descended to his heirs-at-law, who are his brothers and sisters, and the children of such brothers and sisters as are dead, and, consequently, the case is precisely like that of *Chaney and Wife* vs. *Tipton*, 11 *G. & J.*, 253, in which it was held that the proceeding must conform to the Act regulating descents, in order that the rights of election and preference secured to certain of the heirs by the statutes may be enjoyed.

It does not follow, however, that because the bill is defective, in not making the averments required by the statute, and in the omission to ask for a commission, that it is to be dismissed because these defects may be cured by amendment, as was permitted in the case of *Chaney* vs. *Tipton*.

[The Chancellor then passed a decree ruling the demurrer good, but retaining the bill, with leave to the complainants to

make such amendments as may be necessary to bring their case within the provisions of the Act to direct descents, and such other amendments as they may be advised.]

Wm. M. Addison, for Complainants.

Z. Collins Lee, for Defendants.