Stallings et al. *vs.* Stallings.

JOHN T. STALLINGS ET AL. *vs.* EZEKIEL STALLINGS.

On a bill in Equity filed by one of the heirs at law of a deceased person under the Act of 1820, ch. 191, alleging that the lands of the deceased were not susceptible of division amongst the parties entitled thereto, and praying for a sale of the same, &c.—it was HELD:

1st. That a commission to "enter upon　*　*　*　divide," &c. said lands, is fatally defective in not requiring the commissioners in case the land could not be divided into as many parts as there are parties entitled, to divide it into as many parts as it is susceptible of, and to ascertain the value of each part, &c. as required by said Act; and consequently a return of the commissioners in conformity with such commission is equally defective.

2nd. That a return of the commissioners reciting, "that after having given due notice according to law to the parties, they entered," &c., was insufficient in not showing affirmatively the character of the notice, as well as the manner in which it was given.

3rd. That said return was insufficient in not showing the condition of the lands as regards incumbrances.

4th. That said return was insufficient in not shewing, in case the lands were not susceptible of division without loss and injury, &c., that the parties interested according to their order in point of age, were allowed the opportunity of availing themselves of the right of election under the 9th, 10th and 30th Secs. of said Act.

5th. That where it appeared from the answer of the defendants, though not alleged in the bill, that the deceased, the partition or sale of whose lands

was in question, left a widow, still surviving when the answers were filed, the omission of the commissioners to show by their return the ascertainment and location of her dower interest, as part of their proceeding, was a fatal defect.

6th. That where a defendant having a vested interest in the share of his wife, one of the heirs at law, as tenant by the curtesy, has been summoned and has failed to appear and answer, and no proceeding has been had as by law in such case made and provided, the passing of a final decree of partition was an error.

APPEAL from the Equity side of the Circuit Court for Allegany County.

The bill of complaint in this case, filed on the 1st of May 1850, by the appellee, alleged that his father, Samuel Stallings, died in the month of May 1849, seized of certain lands, intestate, and leaving the complainant and the defendants, his children and heirs at law, all of whom were above the age of twenty-one years, and "that the said Samuel Stallings, deceased, left no debts whatever." The bill further charged, that the lands of which the said Samuel Stallings died seized were not susceptible of partition, and prayed that the same should be sold and the proceeds thereof distributed amongst the said parties in proportion to their respective interests.

The defendants, by their answers filed on the 31st day of March 1853, aver "that the real estate of the said Samuel Stallings, deceased, is susceptible of a fair and equal partition amongst his children and heirs at law, without loss and injury to all the parties entitled; that there is no necessity for a sale thereof, and these defendants do not desire that any sale of the same or of any part thereof should be made." They also aver that the said Samuel Stallings left surviving him a widow who "is still alive."

On the 20th of August 1860, and 12th of February 1862, interlocutory decrees for partition were passed, and a commission issued to "enter upon * * * divide," &c. the lands in question, which was returned on the 5th of May 1862.

The substance of the commission and return of the commissioners, upon which the questions in this case chiefly arise, will be found set forth in the argument of the appellants' counsel and the opinion of this Court. On the 1st of October 1862, the report of the commissioners was ratified; and on the 19th of November 1862, a final decree for the sale of the real estate was passed by the Court below, (SMITH, Special Judge,) from which this appeal was taken.

It appears from the record that David House, the husband of one the heirs at law, and having children by his said wife then alive, made a party to the bill of complaint, and returned summoned, had failed to appear and answer, and was still in default at the date of the final decree for a sale, and that no further process to compel his appearance had issued subsequently to the issuing of said summons, and that no further proceedings were had against said delinquent defendant prior to the passage of said final decree.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*J. H. Gordon,* for the appellants.

The appellants claim a reversal of this decree for the following reasons:

1st. The bill does not state that the parties entitled to the real estate "could not agree upon the division thereof," and therefore the Court had no jurisdiction of the subject. 1 *Dor. Laws,* 748. Act of 1820, ch. 191, sec. 8. *Hardy vs. Summers,* 10 *G. & J.,* 318, 323. *Tipton vs. Chaney,* 11 *G. & J.,* 253, 255.

2nd. Because the commission issued in this cause does not give such powers and directions to the commissioners as are required by the Act of 1820, ch. 191, sec. 8, requiring them in case that the land could

not be divided into so many parts as there were parties, then to divide it into as many parts as it is susceptible of, and to ascertain the value of each, and because said commission is defective in other respects, and therefore void. *Tipton vs. Chaney*, 11 *G. & J.*, 255. *Bennett vs. Bennett*, 5 *Gill*, 463, 467.

3rd. Because there is not sufficient evidence to show that the commissioners gave the notice required by law before proceeding to make partition. Act of 1820, ch. 191, sec. 14. *Nesbitt vs. Dallam*, 7 *G. & J.*, 496, 510.

4th. Because said commissioners do not show whether there are any incumbrances upon said land, or whether they estimated or ascertained the value of said land subject to such liens, if there are any. Act of 1820, ch. 191, sec. 8.

5th. Because said commissioners, by their return, do not show whether the said lands were capable of partition into a less number of parts than there were parties entitled, and the value of such several parts, as required by said Act of 1820, ch. 191, sec. 8.

6th. Because it does not appear that an opportunity was given to the several parties entitled thereto, or that notice was given to them to elect to take said real estate, as provided by said Act of 1820, ch. 191, secs. 9, 10, and 30, or that the said parties severally refused to take the same as thereby provided. See sec. 30 of Act of 1820, ch. 191. *Nesbitt vs. Dallam*, 7 *G. & J.*, 496, 510.

No counsel appeared for the appellee.

COCHRAN, J., delivered the opinion of this Court.

The bill in this case was filed for the purpose of obtaining a partition of the real estate, of which Samuel Stallings died seized and intestate, among his heirs at law; and the decree from which the appeal was taken, was passed upon a return made by the commisioners appointed to enter upon and divide the lands in question. The objections

relied on as a ground for reversing this decree, are founded chiefly on an alleged failure of the commissioners to comply with the provisions of the Act of 1820, ch. 191, which points out and particularly describes the course of proceeding in such cases.

It is settled that upon an appeal from a decree for a sale in a case of partition, the previous order ratifying the commissioners' return may be reviewed, though no appeal was taken therefrom, the order being merely interlocutory and a part of the proceedings preliminary to the decree. *Phelps vs. Stewart,* 17 *Md. Rep.,* 231. We find by an examination of the record that the objections made are most of them well founded; and indeed the errors suggested seem to be so manifest, that it is scarcely necessary to do more than point them out, in a review of the action of the commissioners in connection with the course of proceedings prescribed by the Act.

The first objection stated by the appellants, that the Court below had no jurisdiction, because the bill does not aver that the parties in interest could not agree upon a division of the property in question, might have been presented at the proper stage of the case, whether with or without effect, it is not necessary for us to decide. That, however, does not appear to have been done, nor does it appear to have been suggested in the Court below, and for that reason we are not at liberty to consider it here. Act of 1841, ch. 163. *Knight vs. Brawner,* 14 *Md. Rep.,* 1. The commission authorizing the commissioners to enter upon, divide and apportion the lands mentioned in these proceedings is clearly defective in several particulars. The 8th sec. of the Act of 1820 provides, in case the parties cannot agree, that the Court shall issue a commission, authorizing and empowering the commissioners, or a majority of them, if the land cannot be divided fairly and equally among all the parties interested, to divide it into as many parts as it is susceptible of,

without loss or injury, and then to ascertain the value of each part. The commission in this case conferred no such power, nor did it require the commissioners to divide the lands into as many pàrts as it was susceptible of, or to ascertain the value of the several parts upon such a division, and in that respect their return seems to conform to the terms of the commission. It thus appears that neither the commission nor the proceedings of the commissioners were in accordance with the requisitions of the Act, and on that ground we think they were erroneous and irregular. *Bennett vs. Bennett,* 5 *Gill,* 463.

The return of the commissioners is also objected to, because it does not show that they gave the notice prescribed by the 14th section. The return states, "that after having given due notice, according to law, to the parties, they entered," &c. What notice was given does not appear; and at most, the return only shows that such a notice was given as the commissioners thought was sufficient to satisfy the terms of the Act. That, in our opinion was not sufficient. The return ought to show affirmatively what the notice was, as well as how it was given, so that the real fact would appear to the Court entirely disconnected and free from the inferences of the commissioners in regard to its sufficiency. We think also, that it ought to have been shown that the lands were unincumbered, or at least have disclosed their condition in that particular. The 8th sec. requires that the condition of the lands as to incumbrances should be inquired into and ascertained. The only thing appearing in these proceedings, from which the absence of incumbrances might be inferred, is the averment in the supplemental bill, that Samuel Stallings left no debts at the time of his decease, which the appellants neither admit nor deny in their answer. This being a statutory proceeding, a strict compliance with the Act authorizing it is necessary; and we are of opinion, that the return of the Commissioners should show whether the

land is incumbered or not, so that its true condition would appear. It may be inferred from the return that there were no incumbrances, but the fact does not appear with the degree of certainty necessary to show to the Court, that the commissioners had performed the whole duty required of them by the Act.

But there are other fatal defects. In case the land for the partition of which proceedings are instituted, is not susceptible of division without loss or injury, the 9th, 10th and 30th secs. vest the parties interested according to their order in age, with the right of election to take the property, and pay the other parties their respective shares of the valuation in money. There is nothing here to show that the parties were permitted to avail themselves of the right or privilege thus conferred. This was a valuable right, of which they could not be deprived either by the return of the Commissioners or the subsequent action of the Court thereon. *Chaney vs. Tipton*, 11 *G. & J.*, 253. And again, the 27th sec. expressly requires that the widow's dower, if the intestate leave a widow, shall be laid off to her before partition is had amongst the heirs, unless she assent to a sale as provided in the 28th section. The widow of Samuel Stallings was not even made a party to this case, nor does the bill allege that he left a widow, although the appellants aver in their answer, that he not only left a widow, but that she was still surviving when the answer was filed. The commissioners by their return were bound to show the ascertainment and location of her dower interest, as a part of their proceedings; but in that respect the return is entirely silent, and therefore erroneous. *Phelps vs. Stewart*, 17 *Md. Rep.*, 231.

We must also observe that so far as David House is interested as one of the defendants in this case, such proceedings do not seem to have been had as would authorize the passage of a final decree. He has neither filed an

answer, nor appeared as a party in the case, although he has a vested interest in the share of his wife, Polly House, as tenant by curtesy, which it is necessary to respect in making a partition or sale. It is enough to say that the course of proceeding necessary to obtain a final decree against a defendant who does not obey the summons to appear and answer, was not followed here.

The decree must be reversed with costs to the appellants, and the cause remanded for further proceedings.

*Decree reversed and cause remanded.*

(Decided October 7th 1864 )