PATRICIA DIETRICH HESS ET AL. *v.* RITA V. CHALMERS ET AL.

[No. 797, September Term, 1974.]

*Decided June 27, 1975.*

The cause was argued before THOMPSON and POWERS, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals, specially assigned.

*Edward A. Palamara,* with whom were *Cohen, Fodiman, Palamara & Goldman* on the brief, for appellants.

*L. Franklin Gerber, Jr.,* and *Clarence M. Thomas,* with whom were *Savage, Jones, Tingle* & *Schwartzman, P.A.* on the brief, for appellees.

POWERS, J., delivered the opinion of the Court.

Helen Lee Dietrich died in November, 1971, holding record title to certain leasehold real estate in Anne Arundel County, and other real estate elsewhere in Maryland. Surviving her were two daughters, Patricia Dietrich Hess and Helen Neal Dietrich Curley, as well as two sisters, Rita V. Chalmers and Antoinette L. Frazier, and a brother, William E. Smith. Her divorced former husband, George A. Dietrich, also survived her.

In her will, which named Francis X. McDonough as executor, Mrs. Dietrich left her residuary estate to her daughters, her sisters, and her brother.

Asserting that under a 1963 deed they were remaindermen in the Anne Arundel County real estate, and that it did not pass by their mother's will, Mrs. Hess and Mrs. Curley, the daughters, filed a bill of complaint for declaratory and ultimate relief in the Circuit Court for Anne Arundel County, on 18 January 1973. They named as defendants the decedent's two sisters, her brother, and her executor.

In 1963 Mrs. Dietrich and her then husband had conveyed various real estate to a corporate straw party, which had simultaneously reconveyed to Mrs. Dietrich for life, and after her death to her daughters and her husband, with the habendum clause expressed in these terms:

> "TO HAVE AND TO HOLD the said described lots or parcels of ground and premises, unto the said Helen Lee Dietrich, for and during the term of her natural life, with full power and authority in the said Helen Lee Dietrich (without the joinder or consent of the remandermen [sic] hereinafter mentioned) to sell, lease, mortgage or otherwise dispose of said property, except by Last Will and Testament, or any part thereof, or any interest

therein, including the life estate and remainder therein, at any time during her natural life in such manner that the purchaser or purchasers, lessee or lessees, mortgagee or mortgagees, grantee or grantees, thereof will not be liable to see to the application of the purchase or mortgage money or rent; and immediately after the death of the said Helen Lee Dietrich, then the said property, or so much thereof, or any interest therein, as may not have been disposed of by the exercise of the powers herein mentioned, subject to such mortgages as may be then a lien against the said property, to the said Helen Neal Dietrich, her daughter, Patricia S. Hess, her daughter, and George A. Dietrich, her husband, as joint tenants, and not as tenants in common, their assigns, the survivor of them * * *."

In a release and an agreement executed in 1968, apparently in connection with a then pending divorce proceeding in Baltimore, George A. Dietrich agreed that the real estate was the individual property of Helen Lee Dietrich. Shortly thereafter, in 1968, Mrs. Dietrich, exercising her power to dispose of the property, conveyed it to a corporate straw, which reconveyed absolute ownership to her.

The bill of complaint sought to have the court declare that Mrs. Dietrich's 1968 deed, purporting to exercise her power of disposition of the property, was invalid, as beyond the scope of the power, having as its only purpose the divestiture of the remainder, by converting her life estate into a fee simple estate.

The case was called for hearing before Judge James L. Wray in the Circuit Court for Anne Arundel County on 28 November 1973. Judge Wray directed that George A. Dietrich be added as a party plaintiff. Counsel were heard, but no witnesses were called. The judge stated that he would be glad to hear any evidence or receive any exhibits on the proper exercise of the power. It appears that all agreed that the question was primarily one of law, and that the relevant facts were not disputed. Judge Wray said:

"Well, I certainly have no objection to your submitting a stipulation of facts but I would think it would not have to be very long. And I take it that if I find it necessary, that I may also take notice of the Court file from Baltimore City and the exhibits to the bill of complaint as exhibits."

All council agreed.

We are told that the parties filed statements and memoranda of law. Other motions were also filed, and argued before the judge.

On 20 May 1974 a memorandum opinion and decree, dated 17 May 1974, was filed. The opinion in effect declared that the plaintiffs had no rights.[1] The decree dismissed the bill of complaint. Upon motion of the present appellants the court, on 14 June 1974, signed an order staying the operation of the decree, pending further order of the court. The stay order was filed on 17 June 1974. Appellants' petition for reconsideration and reargument was heard on 19 July and on 22 July 1974 the court filed a decree dismissing the petition and vacating the stay order.

The appeal before us was entered on 19 August 1974. It purported to be an appeal "from the Memorandum, Opinion and Decree entered in this action on July 22, 1974". There was no memorandum or opinion entered on that date. The decree which was entered on that date dismissed the petition for reconsideration and vacated the stay order which had suspended the operation of the decree of 20 May 1974.[2]

In their brief and arguments in this Court the appellants attack only the decree filed on 20 May 1974.

Appellees contend here that the decree of 20 May 1974 is not before us, because no timely appeal was taken from that decree. They say that the only thing brought up in this appeal is the decree of 22 July 1974.

---

1. This case did not involve the rights of the daughters under their mother's will.

2. The decree of 22 July 1974 also reserved a ruling on the defendants' motion under Rule 604 b. That aspect of the decree is not discussed in either brief.

Under Maryland Rule 1012, an order for appeal shall be filed within thirty days of the date of the judgment appealed from. Counting from 20 May 1974, as prescribed by Maryland Rule 8, 21 May was day number 1. 17 June would have been day number 28, but on that day the operation of the decree was suspended. We shall assume that 17 June should not be counted. To use a current phrase, the countdown was at 27 and holding.

On 22 July the suspension was vacated. The countdown was resumed, not to start again from the beginning, but to take up where it left off. 23 July was day number 28. 25 July was day number 30, the last day to file the order for appeal. The order filed on 19 August 1974 was not timely with respect to the decree of 20 May 1974.

The rule we have applied is required by what the Court of Appeals said, through Judge Markell, in *Hancock v. Stull*, 199 Md. 434, 86 A. 2d 734 (1952), at 436-37:

"This is an appeal from an order dated May 17, 1951, dismissing a bill. A petition for a rehearing was filed on June 4, 1951 and denied on August 28, 1951. Plaintiffs also filed a petition praying an order 'deferring the enrollment of the decree and extending the time for the filing of appeal.' On June 12, 1951 an order was signed which provides that pending consideration and hearing on the petition for rehearing the decree of May 17, 1951 'shall not be enrolled' and that plaintiffs 'shall have thirty (30) days from the date of the ruling upon the petition for a rehearing to file an appeal to the Court of Appeals'. Plaintiffs filed on August 28, 1951 an appeal from the order overruling the petition for rehearing and on August 29, 1951 an appeal from the decree dismissing the bill 'as well as' from the denial of the petition for rehearing.

"The appeal from denial of a rehearing must be dismissed. Such an order is discretionary and is not appealable in the absence of abuse of discretion. *Jacobs v. Bealmear*, 41 Md. 484; *Bailey v. Bailey*, 186 Md. 76, 80-81, 46 A. 2d 275.

"Nor does the filing of a petition for a rehearing suspend the operation of a decree or order unless a special order has been passed, before it becomes enrolled, suspending it. *Jacobs v. Bealmear, supra,* 41 Md. 486; *Bailey v. Bailey, supra.* Neither this court nor the lower court can order that a decree shall not be enrolled — unless it can bid the sun stand still and can halt the passage of time. Nor can either court extend the time for appeal. The lower court can, however, suspend the operation of a decree or order. In *Bennett v. Bennett,* 5 Gill 463, 466-467, passage of an order *nisi* for annulling a decree was held to suspend the decree. With considerable doubt and hesitation we have concluded that the order of June 12, 1951, which expressly purports to do two things that no court has power to do, also shows an intention to suspend the operation of the decree or order of May 17, 1951 and has the effect of doing so. As the decree or order of May 17, 1951 was thus suspended from June 12, 1951 to August 28, 1951, the appeal on August 29, 1951 was taken within thirty days."

What the Court said in *Hancock v. Stull, supra,* concerning an appeal from the denial of a rehearing has been said many times. We cited some of the cases in applying the same rule in *Angell v. Just,* 22 Md. App. 43, 47, 321 A. 2d 830 (1974).

In the case before us there is no contention that Judge Wray's decree of 22 July 1974 involved an abuse of discretion, and we see none.

> *As to decree of 20 May 1974 appeal dismissed.*
> *As to decree of 22 July 1974 decree affirmed.*
> *Appellants to pay costs.*