REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2104

September Term, 2015

---

EDWARD G. MODELL, ET AL.

v.

WATERMAN FAMILY LIMITED
PARTNERSHIP, ET AL.

---

Berger,
Shaw Geter,
Eyler, James R.,
  (Senior Judge, Specially Assigned)

JJ.*

---

Opinion by Eyler, James R., J.

---

Filed:  March 2, 2017

* Judge Christopher B. Kehoe did not
participate in the decision to report this opinion

The issues raised in this case are related to the issues raised in the case of *Boomer, et al v. Waterman Family Limited Partnership, et al*, ___ Md. App. ___, No. 1783, September Term 2015 (filed: March 2, 2017). The underlying issue that gave rise to both appeals is whether the Board of County Commissioners for Queen Anne's County ("the County Commissioners") had the authority to rescind a previously adopted resolution in which they had approved the rezoning of a parcel of land that had been annexed and rezoned by the Town of Queenstown. In *Boomer*, the challenge was to the second ordinance that purported to rescind the first ordinance. On this appeal, the challenge is to the first ordinance.

The procedural genesis of this appeal was a petition for judicial review filed on October 9, 2015 in the Circuit Court for Queen Anne's County by Kathleen B. Boomer, Marie J. McNurlan, Paul A. McNurlan, Stacy L. Swartwood, and the Queen Anne's Conservation Association ("QACA"), whom we shall refer to collectively as the QACA appellants. The Waterman Family Limited Partnership and the Town Commissioners of Queenstown, appellees, responded to the petition for judicial review and filed motions to dismiss. On November 9, 2015, appellant Edward G. Modell, who is proceeding in proper person in this appeal, as he did below, filed a response to the petition for judicial review in which he declared his intention to participate in the litigation. He requested that the hearing on the motions to dismiss, set for November 17, 2015, be postponed on the ground that he and several others were not given proper notice. The court did not rule on Mr. Modell's request for postponement, but the hearing was held as scheduled and was attended by all of the parties, including Mr. Modell. After the hearing, the circuit court dismissed the

petition for judicial review on the grounds that it was barred by time and by res judicata. This timely appeal followed.

## QUESTIONS PRESENTED

The QACA appellants present the following two questions for our consideration:

I. Did the circuit court err when it held that appellants' petition for judicial review was not timely filed?

II. Did the circuit court err when it held that appellants' petition for judicial review was barred by res judicata?

Mr. Modell joins in the questions presented by the QACA appellants and also asks us to consider the following issue:

III. Whether the circuit court erred in holding that collateral estoppel applied to him in this action.

For the reasons set forth below, we hold that, although the petition for judicial review was filed timely, in light of our decision in *Boomer* that the County Commissioners did have the authority to rescind the prior resolution, the issues presented in this appeal are moot.

## FACTUAL BACKGROUND

The background facts are set forth in the related *Boomer* case, and we duplicate the recitation of facts herein:

The basic facts are not in dispute. Waterman is the owner of approximately 140 acres of land in Queen Anne's County, commonly referred to as the Wheatlands Farm property, located immediately south of U.S. Route 50 and across from a commercial development known as the Queenstown Outlets. The property was zoned Countryside, a

2

designation that permitted agricultural and low density uses. On June 25, 2014, Waterman filed a petition with the Town of Queenstown seeking to have the Wheatlands Farm property annexed into the town. The goal, after annexation, was to seek rezoning. After a public hearing, the Town Commissioners voted to annex the property. Thereafter, the Town Commissioners enacted an ordinance rezoning the Wheatlands Farm property from Countryside to Planned Regional Commercial, which permitted commercial and high density uses. The effective date of that ordinance was dependent upon a waiver by Queen Anne's County of the existing zoning density pursuant to Md. Code (2013 Repl. Vol., 2014 Supp.), §4-416(b) of the Local Government Article ("LG").[1] The statute provided that the

---

[1] Section 4-416 of the Local Government Article provided, in part:

> (a) *Existing municipal authority*. -- (1) Notwithstanding § 4-104(f) of this title, if an area is annexed to a municipality that has planning and zoning authority at the time of annexation, the municipality shall have exclusive jurisdiction over planning, subdivision control, and zoning in the area annexed.

> \*　　\*　　\*

> (b) *Different land use or density*. -- Without the express approval of the county commissioners or county council of the county in which the municipality is located, for 5 years after an annexation by a municipality, the municipality may not allow development of the annexed land for land uses substantially different than the authorized use, or at a substantially higher density, not exceeding 50%, than could be granted for the proposed development, in accordance with the zoning classification of the county applicable at the time of the annexation.

> (c) *County approval of zoning classification*. -- Notwithstanding § 4-204 of the Land Use Article and if the county expressly approves, the municipality may place the annexed land in a zoning classification that

property could not be rezoned to permit development for uses substantially different from previously authorized uses or uses at a substantially higher density, for a period of five years, unless the County Commissioners granted express approval and waived the five-year period.

After a public hearing, on November 25, 2014, by a vote of three to two, the County Commissioners passed Resolution 14-31, which granted the express approval needed to allow for rezoning to a classification that was substantially different and at a higher density. The approval of Resolution 14-31 allowed development consistent with the "Planned Regional Commercial" classification without having to wait the five-year period referred to in LG §4-416.

On December 2, 2014, four County Commissioners, elected at the 2014 general election, were sworn into office. On December 9, 2014, the County Commissioners, by a four to one vote, adopted Resolution 14-33, which rescinded the express approval that previously had been granted.

---

allows a land use or density different from the land use or density specified in the zoning classification of the county or agency with planning and zoning jurisdiction over the land prior to its annexation applicable at the time of the annexation.

The provisions of LG § 4-416, along with other annexation provisions, became effective on October 1, 2013. LG § 4-416 was derived without substantive change from Md. Code (1957, 1973 Repl. Vol., 2012 Supp.), Art. 23A, §9(c) (1) and (2) and §19(s).

In response to that action, Waterman filed in the Circuit Court for Queen Anne's County a petition for judicial review, a writ of administrative mandamus, and a complaint for declaratory judgment seeking a declaration and order that the passage of Resolution 14-33 was invalid, illegal, and outside the scope of the statutory authority granted to the County Commissioners. The Town Commissioners joined in that action.

The QACA appellants intervened as interested parties, asserting basically the same position as the County Commissioners. The cases filed by Waterman were consolidated. Ultimately, the circuit court concluded that the County Commissioners "had no authority to repeal and rescind Resolution 14-31." On July 21, 2015, the court granted summary judgment in favor of Waterman and the Town Commissioners, and granted the relief requested in the petition for judicial review and writ of administrative mandamus. It also issued a declaratory judgment providing that "Resolution 14-33 adopted by the County Commissioners of Queen Anne's County on December 9, 2014, . . . hereby is declared to be null, void and of no legal force and effect."

The County Commissioners filed a motion for reconsideration. After a hearing, on September 30, 2015, the court denied the motion. The County Commissioners and the QACA appellants noted appeals to this Court. Subsequently, the County Commissioners dismissed their appeal, and the case proceeded with the QACA appellants.

In addition to filing notices of appeal in *Boomer*, on October 9, 2015, the QACA appellants filed in the Circuit Court for Queen Anne's County a petition for judicial review, seeking review of the County Commissioners' enactment of Resolution 14-31. Waterman and the Town Commissioners filed motions to dismiss that petition for judicial review on

5

the grounds that it was untimely and barred by res judicata. An interested party, Edward G. Modell, filed a response to the petition for judicial review and a request to have the hearing on the petition postponed. The circuit court did not rule on Mr. Modell's request for postponement, but Mr. Modell appeared at the hearing on November 17, 2015. Following that hearing, the court dismissed the petition for judicial review on the grounds that it was untimely and barred by res judicata. It also held that Mr. Modell's claims were barred by collateral estoppel. The QACA appellants and Mr. Modell filed timely notices of appeal.

We shall include pertinent facts in our discussion of the issues presented.

## DISCUSSION

## I.

The QACA appellants and Modell argue that the circuit court erred in dismissing their petition for judicial review. In determining the grant of a motion to dismiss, we "must determine whether the court was 'legally correct.' We accept all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the nonmoving party." *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 139 (2012)(internal citations omitted).

The circuit court determined that the petition for judicial review was untimely because it was not filed in compliance with Maryland Rule 7-203(a), which provides:

> (a) **Generally.** Except as otherwise provided in this Rule or by statute, a petition for judicial review shall be filed within 30 days after the latest of:
>
> (1) the date of the order or action of which review is sought;

(2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner; or

(3) the date the petitioner received notice of the agency's order or action, if notice was required by law to be received by the petitioner.

Because a circuit court does not have discretion to consider late-filed petitions for judicial review, the court cannot review an administrative decision when the petition is filed beyond the thirty-day period. *Colao v. County Council of Prince George's County*, 346 Md. 342, 361-63 (1997).

The petition for judicial review challenged the validity of the adoption of Resolution 14-31 by the County Commissioners. There is no dispute that the County Commissioners passed Resolution 14-31 on November 25, 2014, and the thirty day period for filing a petition for judicial review was triggered at that time. Fourteen days later, however, the newly elected County Commissioners adopted Resolution 14-33, which provided:

NOW THEREFORE, BE IT RESOLVED BY THE COUNTY COMMISSIONERS OF QUEEN ANNE'S COUNTY, MARYLAND that Resolution No. 14-31 be and is hereby repealed and rescinded . . . .

Appellants contend that any right to appeal they might have had prior to the adoption of Resolution 14-33 was tolled until such time as Resolution 14-31 was revived on September 30, 2015, when the circuit court denied a motion for reconsideration of its July 22, 2015 judgment declaring Resolution 14-33 "null, void and of no legal force and effect." Because their petition for judicial review, filed on October 9, 2015, was filed within thirty days of the final judgment reviving Resolution 14-31, appellants assert that it was timely. We agree.

7

Although we have found no Maryland law addressing the issue of timeliness in this particular context, we find guidance in the Court of Appeals' decision in *Hercules Inc. v. Comptroller of the Treasury*, 351 Md. 101 (1998). In that case, Hercules, Inc., a Delaware corporation, requested a tax refund from Maryland's Comptroller of the Treasury. *Hercules*, 351 Md. at 106. After the Comptroller denied the request for a refund, Hercules appealed to the Maryland Tax Court which, on January 3, 1995, affirmed the Comptroller's decision. *Id.* Hercules requested the Tax Court to withdraw its opinion in order to permit a motion for reconsideration, which it did on January 27, 1995. *Id.* Thereafter, the Tax Court denied the motion for reconsideration and, on March 16, 1995, entered an order reinstating its original order upholding the Comptroller's decision. *Id.* at 106-07. Several days later, on March 24, 1995, Hercules filed a petition for judicial review in the Circuit Court for Baltimore City. *Id.* at 107. The circuit court affirmed the decision of the Tax Court, as did this Court in a subsequent appeal. *Id.* The Court of Appeals granted Hercules's petition for writ of certiorari and the Comptroller's conditional cross-petition, which questioned the timeliness of Hercules's petition for judicial review. *Id.* at 108.

The Comptroller argued that Hercules failed to comply with Md. Rule 7-203(a)(1) because the petition for judicial review was not filed within thirty days of the date of the decision from which review was sought. *Id.* The Comptroller, relying on *Hess v. Chalmers*, 27 Md. App. 284, *cert. denied*, 276 Md. 744 (1975), argued that twenty-three days had elapsed prior to the Tax Court's withdrawal of its January 3rd order, and that the clock therefore started at day twenty-four after the filing of the March 16th order. *Hercules*,

8

351 Md. at 108.  As a result, Hercules's petition for judicial review was untimely by two days.  *Id.*

The Court of Appeals rejected that argument, stating that the Comptroller "conflate[d] the meaning of 'stay' and 'withdraw.'"  *Id.* at 109.  The Court held:

> Prior to the expiration of the time for petitioning for judicial review, an administrative body has the power to strike its own order, which is what occurred here.  Consequently, the March 16 order was the final order in the proceeding.  Indeed, by means of a stamped legend the Clerk of the Maryland Tax Court gave notice that the parties had the right to 'appeal' within thirty days 'from the date of the above Order.'

*Id.*

The same reasoning applies in the instant case.  The County Commissioners adopted Resolution 14-31 and, subsequently, rescinded that resolution by adopting Resolution 14-33.  The immediate result of the County Commissioners' decision to adopt Resolution 14-33 was the repeal or rescission of its prior resolution.  Any attempt by appellants to note an appeal at that time pertaining to Resolution 14-31 would undoubtedly have been dismissed as moot.  But once Resolution 14-31 was revived by the circuit court's declaratory judgment, the thirty day time period for filing an appeal began to run anew.  Thus, the October 9, 2015 petition for judicial review was filed timely.

## II.

The QACA appellants and Mr. Modell contend that the circuit court erred in dismissing the petition for judicial review on the ground of res judicata. They argue that res judicata does not apply to bar a claim that was either moot or not ripe while the action was litigated and that the claims asserted in the petition for judicial review and declaratory

9

judgment proceedings filed by Waterman were not identical to the claims they raised with respect to the propriety of Resolution 14-31. They also argue that they were not required to assert as a defense, cross-claim, or counterclaim the invalidity of Resolution 14-31. Relying on *Rowland v. Harrison*, 320 Md. 223 (1990), the QACA appellants and Mr. Modell contend that when the same facts may be asserted as either a defense or counterclaim, and the issue raised by the defense is not litigated and determined so as to be precluded by collateral estoppel, a defendant in a previous action is not barred by res judicata from subsequently maintaining an action on the counterclaim.

We need not decide this issue because, given our decision in *Boomer v. Waterman Family Ltd. Partnership*, the issue presented in the instant case is moot. In *Boomer*, we held that the County Commissioners had the power to reverse their action with respect to Resolution 14-31 by adopting Resolution 14-33. Pursuant to Resolution 14-33, Resolution 14-31 has been withdrawn, rescinded, voided, and nullified. Accordingly, the issues presented by the QACA appellants and Mr. Modell in the instant appeal are moot.

### III.

The same is true with respect to Mr. Modell's contention that the circuit court erred in concluding that he was barred by the doctrine of collateral estoppel from participating in the petition for judicial review filed by the QACA appellants. Again, we need not reach this issue because our decision in *Boomer*, recognizing the right of the County

Commissioners to adopt Resolution 14-33, which withdrew, rescinded, voided, and nullified Resolution 14-31, renders moot the claims raised in the instant case.

**APPEAL FROM THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY DISMISSED; COSTS TO BE PAID BY APPELLEES.**

11